Sterling E. Norris, Esq. (SBN 040993)
JUDICIAL WATCH, INC.
2540 Huntington Drive, Suite 201
San Marino, CA 91108
Tel.: (626) 287-4540
Fax: (626) 237-2003

*Attorneys for Plaintiffs*

FILED
2012 MAR -6  AM 10: 53
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

LESLIE DUTTON and AMERICAN ASSOCIATION OF WOMEN, INC.,

Plaintiffs,

v.

LEE SMALLEY EDMON, in her official capacity as Presiding Judge of the Superior Court of California, County of Los Angeles, ANN I. JONES, in her official capacity as a Judge of the Superior Court of California, County of Los Angeles, and D. BRETT BIANCO, in his official capacity as Court Counsel to the Superior Court of California, County of Los Angeles,

Defendants.

Case No. **CV12 1888 -R (JCx)**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiffs LESLIE DUTTON and AMERICAN ASSOCIATION OF WOMEN, INC. hereby sue Defendants LEE SMALLEY EDMON, ANN I. JONES,

---
Complaint for Declaratory and Injunctive Relief;
Demand for Jury Trial

and D. BRETT BIANCO for violation of the First and Fourteenth Amendments to the Constitution of the United States and allege as follows:

## JURISDICTION AND VENUE

1. This Complaint for declaratory and injunctive relief is asserted by Plaintiffs LESLIE DUTTON and AMERICAN ASSOCIATION OF WOMEN, INC. pursuant to 42 U.S.C. §§ 1983 and 1988. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3), and 2201.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim at issue occurred in this judicial district and Defendants reside within this judicial district.

## PARTIES

3. Plaintiff LESLIE DUTTON ("DUTTON") is the President of Plaintiff AMERICAN ASSOCIATION OF WOMEN, INC. Plaintiff DUTTON also is the producer and host of the public affairs television program known as Full Disclosure Network.

4. Plaintiff AMERICAN ASSOCIATION OF WOMEN, INC. ("AMERICAN ASSOCIATION OF WOMEN") is a corporation incorporated under the laws of the State of California. Plaintiff AMERICAN ASSOCIATION OF WOMEN operates as a not-for-profit, educational organization under Section 501(c)(3) of the Internal Revenue Code. Plaintiff AMERICAN ASSOCIATION OF WOMEN disseminates the public affairs television program known as Full Disclosure Network.

5. Defendant LEE SMALLEY EDMON ("EDMON") is, and at all relevant times herein was, the Presiding Judge of the Superior Court of California,

County of Los Angeles ("LASC"). Defendant EDMON is being sued in her official capacity only.

7. Defendant ANN I. JONES ("JONES") is, and at all relevant times herein was, a Judge of the LASC. Defendant JONES is being sued in her official capacity only.

7. Defendant D. BRETT BIANCO ("BIANCO") is, and at all relevant times herein was, Court Counsel to the LASC. Defendant BIANCO is being sued in his official capacity only.

## FACTUAL BACKGROUND

8. Full Disclosure Network is an Emmy Award winning public affairs television program available on public access cable television channels and streamed over the Internet via the program's website, www.FullDisclosure.net. Full Disclosure Network features videotaped interviews with government officials, community leaders, experts, and other persons of interest, as well as commentary by Plaintiff DUTTON. It also features video news blogs that are made available to the public on Full Disclosure Network's website.

9. Plaintiff LESLIE DUTTON is the producer and host of Full Disclosure Network's programs and video blogs.

10. Full Disclosure Network's programs and video news blogs cover a wide variety of subjects, including national issues, such as border security and terrorism, as well as state and local issues such as California Assembly proceedings, recall elections, local police practices, public corruption, gangs, and education.

11. In 2009, Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN began a series of programs and video news blogs for Full Disclosure

Network concerning certain supplemental benefits paid by the County of Los Angeles to judges of the LASC. These county-provided benefits were above and beyond the salary and benefits that the judges of the LASC receive from the State of California and had been declared unconstitutional by the California Court of Appeal in 2008. The programs and video news blogs created and disseminated by Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN have been featured prominently on the Full Disclosure Network website and have been the subject of numerous press releases and email updates, also issued by Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN. In their programs and video news blogs for the Full Disclosure Network about the county-provided benefits, Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN have been very critical of the County of Los Angeles, the judges of the LASC, and the benefits.

12. Since approximately March 2009, Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN also have been reporting on Mr. Richard I. Fine, a controversial, disbarred California attorney, as part of Full Disclosure Network's programs and video news blogs. Mr. Fine, who has described himself in court pleadings as being "known for fighting government corruption and misappropriation of funds by state, county and municipal governments" and claims to have been "active in fighting judicial corruption" over the last ten years, also has been an outspoken critic of the county-provided judicial benefits.

13. From on or about March 4, 2009 until on or about September 17, 2010, Mr. Fine was incarcerated in the Men's Central Jail of the Los Angeles County Sheriff's Department pursuant to a civil contempt order entered by the Hon.

---

Complaint for Declaratory and Injunctive Relief;
Demand for Jury Trial

4

David P. Yaffe, a judge of the LASC who presided in Department 86 of the LASC's Stanley Mosk Courthouse at the time, in the matter captioned *Colony Marina Strand II v. County of Los Angeles, et al.*, BS109420. Mr. Fine's incarceration related, at least in part, to various legal challenges Mr. Fine had raised regarding the county-provided judicial benefits. Mr. Fine had initiated a host of legal actions challenging both his incarceration and the county-provided benefits. Many of the proceedings in Mr. Fine's legal actions, including the hearing at which he was held in contempt, took place in Department 86 of the LASC's Stanley Mosk Courthouse.

14. In their programs and video news blogs for the Full Disclosure Network regarding Mr. Fine, Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN have been highly critical of both the lengthy incarceration of Mr. Fine and the county-provided benefits.

15. On information and belief, at all relevant times Defendants EDMON, JONES, and BIANCO were aware of Plaintiffs DUTTON's and AMERICAN ASSOCIATION OF WOMEN's programs and video news blogs for the Full Disclosure Network regarding the county-provided benefits and Mr. Fine's lengthy incarceration. On information and belief, at all relevant times Defendants EDMON, JONES, and BIANCO also were aware of Plaintiffs DUTTON's and AMERICAN ASSOCIATION OF WOMEN's criticism of the county-provided benefits and the lengthy incarceration of Mr. Fine.

16. In addition to Plaintiffs DUTTON's and AMERICAN ASSOCIATION OF WOMEN's programs and video news blogs, Mr. Fine's legal activities and lengthy incarceration for civil contempt garnered substantial local

and national media attention, including coverage by the *Los Angeles Times* and *CNN*.

17. LASC has a longstanding practice of making courtrooms available to members of the media for filming, including filming news reports about cases of public interest, when the courtrooms are not being used for judicial proceedings. The superior court also has a longstanding practice of making courtrooms available to members of the public for non-court related meetings and events when the courtrooms are not being used for judicial proceedings. Plaintiff DUTTON has personally attended non-court related meetings and events held in LASC courtrooms on multiple occasions.

18. On or about March 4, 2009, Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN made a request to video record the proceedings in the *Colony Marina Strand II v. County of Los Angeles* matter, which were being held in Department 86 of the LASC's Stanley Mosk Courthouse and at which Mr. Fine was found to be in civil contempt and subsequently incarcerated. The request was denied by Judge Yaffe.

19. In approximately May 2010, a CNN reporter, Abbie Boudreau, and film crew was granted access to Department 86 of the LASC's Stanley Mosk Courthouse to video record a news report about Mr. Fine and his then-continuing incarceration for civil contempt. Ms. Boudreau and the CNN film crew subsequently video recorded their report when the courtroom was empty. The report prominently featured the judge's bench and the seal of the State of California affixed to the wall behind the judge's bench.

20. On or about November 15, 2011, Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN sent a letter to Defendant JONES, who

---

Complaint for Declaratory and Injunctive Relief;
Demand for Jury Trial  6

at the time presided and currently presides in Department 86, requesting access to the courtroom:

> [Full Disclosure Network] is an Emmy Award winning informational news program of the tax-exempt 501(c)(3) American Association of Women. The AAW is now involved in production of a documentary program covering the above case. We need to record an account of what happened in the court room of Department 86 on March 4, 2009 for our documentary. . . .
>
> We are writing to you as the Judge in Department 86, asking for your assistance with our media request and to obtain access to the court room and the corridor just outside the court room sometime in the next two weeks. We are looking to video record two witness accounts of the hearing that took place in 2009 and to read from the transcript of the proceedings. This will involve a total of three people. Two witnesses and one camera operator and will not involve any members of the public or court employees.
>
> It is our understanding that the Department 86 court room is being used only in the mornings and that many times is completely empty. It is our hope that you will facilitate this request and provide us confirmation and alternative days and times that the court room and the corridor would be available for this purpose.

21. On or about November 16, 2011, Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN sent a follow-up letter to Defendant EDMON:

> [Full Disclosure Network] is an Emmy Award winning informational program produced by the non-profit 501(c)(3) American Association of Women. The AAW is producing a documentary program covering the above case. We are now ready to finish this project.
>
> We need to record eye witness accounts of what happened in Department 86 and the corridor outside on March 4, 2009.
>
> . . . We are requesting your assistance with our media request to obtain access to the court room and the corridor just outside the court room sometime in the next two weeks.
>
> We need to video record two historical witness accounts of the hearing and events that took place in these two locations back in 2009 and to read from the transcript of the proceedings. This will involve a total of three people. Two witnesses and one camera operator and will not involve any members of the public or court employees.

Because of the historical nature of this documentary, it is important that we get the shots in Department 86 and the corridor just outside. The witness interviews are expected to last for approximately one half hour inside the actual court room.

22. Defendant JONES denied the request of Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN, without explanation, by order entered on or about November 18, 2011.

23. Also on or about November 18, 2011, Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN received a facsimile from the LASC notifying them that Defendant EDMON had denied their request to video record the corridor outside Department 86. Again, no explanation was provided.

24. In denying the request, however, LASC Acting Director of Public Information Mary Eckhard Hearn advised Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN that, as an alternative, they could "follow the procedures for commercial requests to film in the courthouse, which entails submitting the required paperwork to the Administrative Office of the Courts, providing a certificate of insurance, and posting fees for any costs arising from the filming."

25. On or about December 7, 2011, Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN fully and completely executed and filed an "Application for Revocable License for the Use of Real Property" with the Administrative Offices of the Courts, as advised by the LASC's Acting Director of Public Information. In their application, Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN expressly stated that they sought access to Department 86 for approximately one half hour only "any day [the] courtroom is empty at any time" in order to video record interviews with two witnesses and read

from the transcript of the original hearing. Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN also requested permission to video record a "hallway shot" and "agree[d] to pay the costs associated with this event as will be determined by the court and the [Administrative Offices of the Courts] and to provide any additional information and complete any necessary forms related to the issuance of a Revocable License for the Use of Real Property."

26. On or about December 13, 2011, Defendant BIANCO, acting on information and belief at the direction of Defendant EDMON, wrote to Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN and notified them that their application had been denied. Again, no explanation was provided.

27. On or about December 21, 2011, Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN, by counsel, wrote a letter to Defendant BIANCO requesting reconsideration of the December 13, 2011 denial of their application. Defendant BIANCO failed to respond.

28. When Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN received no response to their December 21, 2011 letter to Defendant BIANCO, they sent a follow-up letter, by counsel, to Defendant EDMON on or about February 8, 2012.

29. On or about February 9, 2012, Defendant BIANCO, acting on information and belief at the direction of Defendant EDMON, wrote a letter to counsel for Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN notifying them that their request for reconsideration of the December 13, 2011 denial of their application had been denied. Again, no explanation was provided.

30. The repeated denials by Defendants EDMON, JONES, and BIANCO, without explanation, of the requests of Plaintiffs DUTTON and AMERICAN

ASSOCIATION OF WOMEN for access to Department 86 and the corridor outside Department 86 are arbitrary and capricious and are neither necessary to preserve any overriding governmental interest nor narrowly tailored to serve that interest.

31. On information and belief, the repeated denials by Defendants EDMON, JONES, and BIANCO of the requests of Plaintiff DUTTON and AMERICAN ASSOCIATION OF WOMEN for access to Department 86 and the corridor outside Department 86 also have been based, at least in part, on Plaintiff DUTTON'S and AMERICAN ASSOCIATION OF WOMEN's coverage and criticism of the county-provided benefits paid to the judges of the LASC and Mr. Fine's lengthy incarceration for civil contempt.

32. The refusal of Defendants EDMON, JONES, and BIANCO to allow Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN access to Department 86 and the corridor outside Department 86 has harmed and is harming the ability of Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN to complete their documentary on the county-provided benefits and Mr. Fine's lengthy incarceration for civil contempt. It also has harmed and is harming the ability of Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN to report on and disseminate information and provide commentary about the county-provided benefits and Mr. Fine's lengthy incarceration for civil contempt, and to otherwise carry out their public interest mission.

## COUNT I

### (Violation of the First Amendment - 42 U.S.C. § 1983)

33. Plaintiffs hereby reallege Paragraphs 1 through 32 as if fully stated herein.

---

Complaint for Declaratory and Injunctive Relief;
Demand for Jury Trial                                           10

34. Plaintiff DUTTON and AMERICAN ASSOCIATION OF WOMEN enjoy the rights of Freedom of Speech and Freedom of the Press, as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.

35. As members of the public and members of the press, Plaintiff DUTTON and AMERICAN ASSOCIATION OF WOMEN also enjoy a qualified right, under the First and Fourteenth Amendments to the U.S. Constitution, to access to the courtrooms, hallways, and other facilities of the LASC.

36. Defendants EDMON, JONES, and BIANCO, acting within the course and scope of their authority and under color of state law, have deprived and are continuing to deprive Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN of their rights under the U.S. Constitution by denying their requests for access to Department 86 and the corridor outside Department 86.

37. Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN are being irreparably and substantially injured as a direct and proximate result of Defendants EDMON's, JONES's, and BIANCO's unlawful deprivation of Plaintiffs DUTTON's and AMERICAN ASSOCIATION OF WOMEN's constitutional rights.

38. Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN have no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare the refusal of Defendants EDMON, JONES, and BIANCO to allow Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN access to Department 86 and the corridor outside Department 86, as requested, to be unlawful; (2) enjoin Defendants EDMON, JONES, and BIANCO from continuing to deny Plaintiffs DUTTON and AMERICAN ASSOCIATION OF WOMEN access to Department

1 | 86 and the corridor outside Department 86, as requested; (3) award Plaintiffs
2 | DUTTON and AMERICAN ASSOCIATION OF WOMEN reasonable attorney's
3 | fees and costs; and (4) grant such other relief as the Court may deem just and
4 | proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated: March 6, 2012

Respectfully submitted,

JUDICIAL WATCH, INC.

By: *[signature]*
Sterling E. Norris
*Attorneys for Plaintiffs*

---

Complaint for Declaratory and Injunctive Relief;
Demand for Jury Trial

12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

**CV12- 1888 R (JCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Sterling E. Norris, Esq., SBN 040993
Judicial Watch, Inc.
2540 Huntington Drive, Suite 201
San Marino, CA 91108-2601
(626) 287-4540

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leslie Dutton and American Association of Women, Inc.<br><br>PLAINTIFF(S)<br>v.<br>LEE SMALLEY EDMON; ANN I. JONES; and D. BRETT BIANCO,<br>*See attached*<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 12   1888 -R (JC)**<br><br>SUMMONS |

TO: DEFENDANT(S): LEE SMALLEY EDMON; ANN I. JONES; AND D. BRETT BIANCO.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Sterling E. Norris, Esq._____, whose address is _2540 Huntington Drive, Suite 201, San Marino, CA 91108-2601_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAR - 6 2012__

By: _____
     Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                                    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LESLIE DUTTON and AMERICAN ASSOCIATION OF WOMEN, INC.

**DEFENDANTS**
LEE EDMOND SMALLEY; ANN I. JONES; and D. BRETT BIANCO
*see attached*

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)   (626) 287-4540
Sterling E. Norris, SBN 040993
JUDICIAL WATCH, INC.
2540 Huntington Dr., S. 201, San Marino, CA  91108

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ -0-

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint for Declaratory & Injunctive Relief; Demand for Jury Trial

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | PERSONAL INJURY | PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☒ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: **CV12 1888**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  March 6, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Sterling E. Norris, Esq., SBN 040993
Judicial Watch, Inc.
2540 Huntington Drive, Suite 201
San Marino, CA 91108-2601
(626) 287-4540

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leslie Dutton and American Association of Women, Inc.<br><br>PLAINTIFF(S)<br>v.<br>LEE SMALLEY EDMON; ANN I. JONES; and D. BRETT BIANCO,<br><br>*See attached*<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 12 1888 -R(JC)**<br><br><br><br>**SUMMONS** |

TO: DEFENDANT(S): LEE SMALLEY EDMON; ANN I. JONES; AND D. BRETT BIANCO.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Sterling E. Norris, Esq. _____, whose address is 2540 Huntington Drive, Suite 201, San Marino, CA 91108-2601 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAR - 6 2012__      By: __MARILYN DAVIS__
                                 Deputy Clerk

                                 (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                        SUMMONS